This is an appeal from all order of distribution concerning funds paid into court during the pendency of a summary process action. Following the entry of judgment for possession, the court conducted a hearing pursuant to General Statutes 47a-26f[1] to determine the parties' respective interests in an $1800 fund paid into court by the defendants during the pendency of the action.
The premises consisted of a single family dwelling and a lot. The plaintiffs claimed the entire $1800 fund which, as earlier determined by the court, represented the fair rental value of the property for nine months at $200 per month. The defendants claimed reimbursement of $239.67 for four bills incurred while the action was pending.
The first bill was for $143 and represented lawn and yard care from June 24, 1981, to September 15, 1981. The second was a plumbing bill of $38.35 for unplugging a drain line. The third was a plumbing bill of $32.17 for the replacement of leaking kitchen faucets. The fourth bill was for $26.15 and represented the cost to replace a window and a light fixture broken by vandals. All of the charges were incurred after the date the court had first ordered the sums paid into court. After a hearing, the court ordered $1560.33 distributed to the plaintiffs and $239.67 to the defendants.
The plaintiffs claim on appeal that since the house and yard were in the exclusive possession and control *Page 605 
of the tenants, the landlords had no duty to repair or to maintain the premises. Therefore, the defendants as tenants have no right to the reimbursement of bills that were clearly incurred for ordinary maintenance and repairs. We do not concur.
"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee." Thomas v. Roper,162 Conn. 343, 348, 294 A.2d 321 (1972). This common law principle is significantly modified by General Statutes 47a-7[2]which, among other things, *Page 606 
requires the landlord to "make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition . . . [and to] maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances . . . supplied by him
The plumbing bills for $38.35 and $32.17 represent obligations specifically imposed upon the lessors by the provisions of 47a-7 (a). The same is true of the $26.15 spent to replace the window and light fixture. Insofar as the defendant lessees discharged those obligations, they were entitled to reimbursement for them from the use and occupancy funds.
There is, however, no provision in 47a-7 (a) which requires a landlord to provide lawn and yard care. Such expense is not necessary to keep premises "fit and habitable." Since these premises were admittedly in the exclusive possession and control of the lessees and since there is no statutory provision or contractual obligation to the contrary, application of the common law principle relieves the lessors of the duty to provide that service. There is therefore no legal basis under which the defendants could claim reimbursement for the $143 spent on lawn and yard care.
 There is error in part, the judgment is set aside and the case is remanded with direction to render judgment distributing the accrued use and occupancy payments of $1800 in the amount of $1703.33 to the plaintiffs and $96.67 to the defendants.
In this opinion DALY and BIELUCH, Js., concurred.